fIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE SIERRA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 24-cv-2473-SMY |
| FEDERAL BUREAU OF PRISONS, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jorge Sierra, an inmate of the Federal Bureau of Prisons ("BOP") now incarcerated at FCI-Marion, brings this *habeas* action pursuant to 28 U.S.C. § 2241 to challenge a disciplinary action that resulted in the loss of 12 days good conduct credit. This matter is now before the Court for preliminary review.

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives courts the authority to apply the rules to other habeas corpus cases.

A claim for restoration of wrongfully revoked good conduct credit is properly pursued under § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). Given the limited record at this juncture, it is not plainly apparent that Petitioner is not entitled to *habeas* relief. Without commenting on the merits of her claims, the Court concludes that the Petition survives preliminary review under Rule 4; a response will be ordered.

Respondent is **DIRECTED** to answer or otherwise plead on or before March 28, 2025. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

Petitioner is advised of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than seven days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 11, 2025**

**STACI M. YANDLE**
**United States District Judge**